# FREDERICK E. WARNER v. FRANCIS BRUNNELL DAWSON AND OTHERS.[1]

May 14, 1926.

No. 24,967.

**Effect of reconveyance of homestead by bankrupt son in default to his mother.**

Where the consideration expressed in a deed of a farm, including the homestead, from parents to their son, is the payment of taxes and $300 annually to the parents or the survivor of them during life, and in case of a failure of the grantee or his heirs to make such payments, the deed to be null and void, and where, before the second payment became due, the father died intestate and his estate was not probated, and the son made no further payments of either taxes or principal and became insolvent, *held*:

(1) That a quitclaim deed from the son back to his mother, on account of such default and forfeiture, was inoperative insofar as the inheritable estate vested in the son as heir at law of his father.

(2) That insofar as such quitclaim deed conveyed the interest of the son as heir at law of his father it was without consideration and in fraud of creditors.

(3) Whether the son acquired a homestead interest in the premises so conveyed to him was not brought into question upon the trial and therefore will not be considered upon this appeal.

(4) There is ample evidence in the record to sustain the finding of the trial court that the quitclaim deed was executed in good faith and not for the purpose of defrauding creditors.

Appeal and Error, 3 C. J. p. 696 n. 61.
Deeds, 18 C. J. p. 378 n. 2.
Fraudulent Conveyances, 27 C. J. p. 465 n. 79; p. 550 n. 76; p. 573 n. 13; p. 834 n. 54.

Action by the trustee of the estate of Francis Brunnell Dawson, bankrupt, in the district court for Chisago county to set aside a quitclaim deed as in fraud of creditors of the bankrupt. The case

[1]Reported in 208 N. W. 1003.

was tried before Searles, J., who ordered judgment in favor of plaintiff. Defendants appealed from the judgment. Affirmed.

*Meshbesher & Anderson* and *Robert M. Works,* for appellants.

*Sullivan & Neumeier,* for respondent.

QUINN, J.

Frank J. Dawson and the defendant Sarah L. Dawson were husband and wife and parents of the defendant Francis B. Dawson. The father had three children by a former marriage, all of whom are still living. On September 25, 1916, the parents owned the four forties of land described in the complaint. They occupied the SE¼ of the SE¼ of section 30 and the NE¼ of the NE¼ of section 31 thereof as their homestead. On that day they conveyed by warranty deed two acres described as follows: Beginning at the northeast corner of section 31, running thence west 16 rods, thence south 20 rods, thence east 16 rods, thence north 20 rods to the place of beginning, to the defendant Francis B. Dawson, who has ever since occupied the same with his wife, Eva M. Dawson, as their homestead.

On January 18, 1918, the parents conveyed all of the four forties described in the complaint, excepting the two acres, to the defendant Francis B. Dawson. It is provided in this conveyance that, as a part of the consideration therefor, the said Francis B. Dawson agrees to pay the parties of the first part and the survivor of them the sum of $300 annually during the lifetime of the grantors therein and the survivor of them, and also to pay all taxes and assessments that may be made against said premises. It was further provided therein that, in case of a failure of the grantee therein named or his heirs to make such payments, the instrument to be null and void. The grantors were to have the use of the dwelling and one acre of land, during their lifetimes and the lifetime of the survivor of them. Accordingly the grantee went into possession and operated the farm and made the first payment of $300. Before the second payment became due the father died intestate. His estate was not probated. The son made no further payments nor did he pay the taxes. He

became insolvent. On February 18, 1922, there was owing the mother, under the terms of the conveyance, the sum of $900, and there were taxes unpaid to the amount of over $300. Under these circumstances, the son, his wife joining, executed a quitclaim deed conveying all of his interests in the premises in question to his mother. Thereafter the mother leased the farming land to the son who continued to work the same.

The trial court found upon ample proof that there was no fraud or intent to hinder or delay the creditors of the son in the execution of the quitclaim deed to his mother, but that the same was given in good faith on account of the mother's right to enforce the forfeiture occasioned by the son's failure to keep and perform the conditions of the deed of January 18, 1918, executed by the parents to the son. In accordance with such findings, the court made and filed an order for judgment in favor of the plaintiff, adjudging and decreeing the quitclaim deed inoperative insofar as the inheritable estate vested in the son as heir at law of his father, which was an undivided one-fourth interest in the SE¼ of the SE¼ of section 30 and the NE¼ of the NE¼ of section 31, subject to the homestead interest of the defendant Sarah L. Dawson therein, also an undivided 1/6 interest in and to an undivided 5/6 interest of the NW¼ of the SE¼ of section 31, and also an undivided 1/6 interest in and to the SE¼ of the NE¼ of section 31, excepting therefrom the two-acre homestead of the defendant Francis B. Dawson in the northeast corner thereof hereinbefore referred to, all lying and being in township 34, range 31, Chisago county, Minnesota, and ordered judgment accordingly.

We are unable to understand how the trial court could well have made findings differently than those arrived at under the theory upon which the cause was tried. Before demanding and receiving the quitclaim deed from her son, the mother consulted the leading creditors who advised her to take the farm back under the forfeiture clause in the deed. Surely this conduct on her part showed no intent to in any way defraud any of the creditors. True she had allowed the payments to become in arrears and the taxes to accumulate but, as stated by the learned trial judge, mere delay in

those matters constituted no waiver of her right to enforce the forfeiture. 18 C. J. 378. However the quitclaim deed did more than to enforce the forfeiture. It conveyed all of the son's interests in the land. As a result of the enforcement of the forfeiture, the mother became reinvested with her homestead rights in the property that had previously been the homestead of herself and husband. The quitclaim deed conveyed the son's interests as heir at law of his father in the lands as well as the interest that had been conveyed to him by the deed of January 18. Insofar as the quitclaim deed conveyed the interests of the son as heir of his father, it was without consideration and in fraud of his creditors.

There was no motion for a new trial. The appeal is from the judgment entered upon the findings of the trial court. Upon the submission of the appeal, it was suggested by counsel that the two south forties constituted the defendant Francis B. Dawson's homestead and that a conveyance thereof could not prejudice the rights of creditors. We have searched the record in vain for an indication that the cause was tried upon that theory. During the trial the two-acre tract was referred to as the homestead of the defendant Francis B. Dawson. No mention was made that the remaining 78 acres of the two forties had become a part of such homestead. Not an intimation that the defendant ever so claimed. Such right might have been made and litigated. The whole matter was tried and submitted upon the opposite theory. The trial court must have so understood because the decision is upon that theory of the case. The contention that the remaining 78 acres of the two forties was a part of the homestead, advanced for the first time in this court, cannot be entertained.

Judgment affirmed.


STONE, J.

I concur in the result.